PETER F. RINAUDO *vs.* ZONING BOARD OF APPEALS OF PLYMOUTH & another.[1] June 2, 1981. The plaintiff appealed to the Superior Court the decision of the Plymouth zoning board of appeals (board) affirming the decision of the town building inspector refusing to extend or renew the plaintiff's building permits. G. L. c. 40A, § 17. The judge granted summary judgment for the defendants, and denied summary judgment for the plaintiff.

The building inspector denied Rinaudo's request for an extension or renewal of the building permits on the ground that Rinaudo had not commenced the work authorized by the permits within six months of their issuance. Pursuant to G. L. c. 40A, § 15, Rinaudo appealed and requested the board to order that the permits be reissued because the work on the project had begun seasonably. See G. L. c. 40A, § 6. The board denied Rinaudo's appeal. Its decision, upholding the building inspector's action, was issued 123 days after Rinaudo's appeal was filed.

Under G. L. c. 40A, § 15, as appearing in St. 1975, c. 808, § 3, "[t]he decision of the board shall be made within seventy-five days after the date of the filing of an appeal . . . . Failure by the board to act within said seventy-five days shall be deemed to be the grant of the relief . . . sought . . . ." The language of c. 40A, § 15, obligates a board of appeals to act on an appeal within the statutory time period, otherwise the appellant prevails by default. The defendants admit that the seventy-five day time limitation is mandatory. See *Casasanta* v. *Zoning Bd. of Appeals of Milford*, 377 Mass. 67, 69-70 (1979). Cf. *Cullen* v. *Building Inspector of N. Attleborough*, 353 Mass. 671, 679-680 (1968) (interpreting the time limitation of the prior zoning act as "directory").

The town claims that the board of appeals lacked jurisdiction to hear Rinaudo's appeal, because the building inspector's denial of Rinaudo's request for an extension of the permits was made pursuant to the State building code, not the zoning act. We disagree. The dispute over the date of the start of construction arose in the context of a determination of whether Rinaudo's project conformed to the applicable provisions of the

---

[1] The other defendant is the building inspector for the town of Plymouth.

zoning by-law. Although the record is not entirely clear, it indicates that the project may have been rendered nonconforming due to an amendment of the town's zoning by-law subsequent to the issuance of the initial building permits. General Laws c. 40A, § 6, freezes applicable zoning for structures built pursuant to duly issued building permits, provided that construction is commenced within a period of not more than six months after the issuance of the permit and is continued through to completion as continuously and expeditiously as is reasonable. Since the determination of when construction on Rinaudo's project started was necessary to decide whether the project was protected under G. L. c. 40A, § 6, the appeal of that issue by Rinaudo was properly before the board of appeals, G. L. c. 40A, §§ 8 and 14, and the board was required to act within seventy-five days.

The case is remanded to the Superior Court for reversal of the summary judgment for the defendants, and for entry of judgment for the plaintiff.

*So ordered.*

*Melvin S. Louison* for the plaintiff.
*Robert L. Shea*, Town Counsel, for the defendants.