BUILDING INSPECTOR OF ATTLEBORO vs. ATTLEBORO
LANDFILL, INC.

Bristol. May 7, 1981. — July 22, 1981.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

Permit. Municipal Corporations, Planning board. Words, "Final
action."

The planning board of a city failed to take final action on an application
for a special permit within ninety days following the holding of a
public hearing thereon, as contemplated by G. L. c. 40A, § 9, and
thus was deemed to have granted the permit applied for, where the
board met and voted to deny the permit within the ninety-day period,
but did not file a copy of its decision with the city clerk until after that
time had expired. [110-114]

CIVIL ACTION commenced in the Superior Court Depart-
ment on December 26, 1979.

The case was heard by Silva, J., a District Court judge sit-
ting under statutory authority.

After review was sought in the Appeals Court, the Su-
preme Judicial Court ordered direct appellate review on its
own initiative.

Edmund F. Henry (John W. McIntyre with him) for the
defendant.

Max Volterra for the plaintiff.

LYNCH, J. The building inspector for the city sought
equitable relief and an injunction to bar the defendant from
operating a sanitary landfill business on Peckham Street in
Attleboro. A judge of the Superior Court entered a judg-
ment which permanently enjoined the defendant from op-
erating its landfill business in contravention of the zoning
ordinance of the city. The defendant appealed, and the
case was transferred to this court on our own motion. The
defendant contends that the permit must be taken to have

been granted as a matter of law, since the planning board failed to take final action within the ninety-day period required by G. L. c. 40A, § 9. We agree.

On December 8, 1978, a Superior Court judge determined that the defendant's landfill was in violation of the city of Attleboro zoning ordinance, rejecting the defendant's contention that it had a valid nonconforming use. This judgment was stayed for ninety days to allow the defendant to seek relief from the zoning board of appeals, which the defendant failed to do. On March 9, 1979, the stay having expired, the defendant shut down its landfill business. On March 6, 1979, the city amended its zoning ordinance by enacting a landfill permit provision which empowered the city's planning board to permit sanitary landfill by special permit. The defendant applied for such a permit on July 16, 1979, and a public hearing was held on this application on August 27, 1979. The planning board met and voted to deny the defendant's application for a special permit on November 19, 1979, and on November 30, 1979, this decision was filed with the city clerk. On December 21, 1979, the defendant resumed operation of its landfill business. Thereafter, the plaintiff commenced this action for injunctive relief, and a permanent injunction issued on March 31, 1980.

The defendant contends that its petition for a special permit was constructively allowed because the planning board failed to take final action on defendant's petition within the ninety-day period required by G. L. c. 40A, § 9. General Laws c. 40A, § 9, as amended by St. 1977, c. 829, § 3F, provides, in part, that "[f]ailure by a special permit granting authority to take *final* action upon an application for a special permit within . . . ninety days following the date of public hearing shall be deemed to be a grant of the permit applied for" (emphasis supplied). It is, therefore, mandatory that the board act within the statutory period, otherwise the applicant prevails by default. *Rinaudo* v. *Zoning Bd. of Appeals of Plymouth*, 383 Mass. 885 (1981). *Casasanta* v. *Zoning Bd. of Appeals of Milford*, 377 Mass. 67, 69-70 (1979). There is no question that the action of the

planning board denying the defendant's request for a special permit occurred within the ninety days prescribed by the statute, and that the filing with the city clerk occurred after the ninety-day period had expired. We, therefore, must decide which of these events constitutes final action in regard to an application for a special permit within the meaning of the statute.

At the outset, it is appropriate to observe that the word "final" clearly connotes the last or ultimate. Final action must be, therefore, the last or ultimate act of the planning board in relation to the application for a special permit. See *Opinion of the Justices*, 300 Mass. 630, 640 (1938). Even though § 9 makes no mention of filing the decision of the permit granting authority with a city clerk, such filing is necessary to limit the period which appeals may be taken.[1] Even though there is no clear exhortium to the permit granting authority to file its decision with the city clerk, such a duty is strongly implied when the statute is read in its entirety and when its requirements are compared with similar statutes. Elsewhere within c. 40A, we find the requirement that the permit granting authority must certify to the successful applicant that its decision has been filed with the city clerk, c. 40A, § 11.[2] Furthermore, unless the board's

---

[1] General Laws c. 40A, § 17, as amended by St. 1978, c. 478, § 32, provides, in part: "Any person aggrieved by a decision of the board of appeals or any special permit granting authority, whether or not previously a party to the proceeding, or any municipal officer or board may appeal to the superior court department for the county in which the land concerned is situated . . . , or to the division of the district court department within whose jurisdiction the land is situated . . . , by bringing an action within twenty days after the decision has been filed in the office of the city or town clerk . . . ."

[2] No issue exists in this case relating to the notice requirements of G. L. c. 40A. Section 11, which deals with the procedure to be followed for variance and special permit applications, requires notice after a decision by the permit granting authority only in the case of favorable action. Section 15 establishes the procedure for appeals from decisions of a zoning board of appeals, and requires that a copy of every decision must be filed with the town clerk and sent to the petitioner and interested parties. A board of appeals may also be a special permit granting authority, G. L.

decision is filed with the clerk, there would be no commencement of the statutory time within which appeals may be taken. Such an unlimited appeal period is contrary to our appellate practice generally, Mass. R.A.P. 4, as appearing in 378 Mass. 928 (1979), and to the legislative mandate in similar matters, G. L. c. 41, § 81U. To conclude, therefore, that no filing by the permit granting authority with the clerk is mandated flies in the face of reason and logic. Once it is concluded that the permit granting authority must file its decision with the city clerk, it is difficult to conclude that such filing is not the last act required of the board upon the permit application, and thus final action within the meaning of the statute.

Although we have never determined the meaning of the words "final action" under § 9, we have, in an analogous situation, reached a conclusion consistent with our result here. In *Selectmen of Pembroke* v. *R. & P. Realty Corp.*, 348 Mass. 120, 127 (1964), we construed identical language as it was then contained in G. L. c. 41, § 81U, as requiring, in the case of subdivision control, planning board filing of its certificate of decision with the town clerk, in order for "final action" to be complete. What was said in that case with regard to filing with the town clerk applies here: "The act of filing the certificate with the town clerk is an act that affects the rights of the owner, his grantees, and the public in respect of the plan. Such an act, within usual and well understood meanings of the words used, is action regarding the plan. That act, and the giving of notice to the applicant, are the final acts in any way related to the plan that the planning board must perform under § 81U.

---

c. 40A, § 1A. Thus there may be different notice requirements depending upon whether a decision denying a special permit is made by the board of appeals or some other special permit granting authority. With this apparent inconsistency within the statute, we do not believe that the Legislature intended that the certification or notice after decision by the permit granting authority be considered action upon an application for a special permit, and we conclude, therefore, that it is not an element of final action within the meaning of § 9.

"
. . . .

"Sections 81U . . . and 81BB, read together, showed the intention that inaction in respect of a plan within the sixty day period should result in constructive approval and that a person aggrieved by that result should have a right of appeal. Those sections also showed the intention that an interested party should be able to ascertain at the town clerk's office the action or inaction of the board that had been determinative of his rights. If the 'final action regarding a plan' that must be taken within sixty days of submission included the filing of the certificate with the town clerk, the latter's records were complete and the rights of a person aggrieved were ascertainable at the clerk's office. On the other hand, if the 'final action' that would bar the constructive approval of the plan was a decision of the board made within the sixty day period but not recorded, these different results followed: The town clerk's records would not show the facts determinative of the right to appeal. Inquiry would have to be made of the board for, if there had been no decision, the right of appeal would expire on the eightieth day after submission of the plan, whereas, if there had in fact been a decision, the time for appeal therefrom would depend upon when thereafter, within a period unlimited by the statute, the board did file the certificate of its decision." *Selectmen of Pembroke* v. *R. & P. Realty Corp.*, *supra* at 124, 126.

The result we reach here is one which will cause the least confusion to attorneys and others concerned with the law relating to land use. A construction of the words "final action" in the case of subdivision plans as requiring a filing with the clerk's office while importing an entirely different meaning to the identical words dealing with special permit requests is illogical. This is especially so when the planning board may be the agency taking action under either statute. See c. 40A, § 1A. The fact that the Legislature amended c. 41, § 81U, prior to our decision in the *Pembroke* case, but consistent with it, does not require a different interpretation.[3]

---

[3] The defendant raises no issues regarding the conditions or the length of the permit.

The judgment of the Superior Court is reversed. Since we conclude that the planning board of the city of Attleboro constructively granted a special permit to defendant to operate a sanitary landfill business on land located on Peckham Street in the city of Attleboro, judgment is to be entered dismissing the complaint.

*So ordered.*