Francis W.R. CAPONE & another[1]

vs.

Willard I. SHATTUCK III & others[2]

No. 326

District Court Department
Appellate Division, Western District
Commonwealth of Massachusetts

**March 10, 1982**

1. Helen Capone.
2. Edward F. Colburn, Florence Schwartzel, Timothy R. Belliveau and Francis W. Saunders, as they are Members of the Board of Zoning Appeals of the City of Fitchburg, and Dennis Syriopoulos and Joan Syriopoulos, Intervenor/Defendants.

Steven B. DiPace, counsel for plaintiffs.
Timothy S. Hillman, counsel for
defendants.
James T. VanBuren, counsel for
intervenor/defendants.

### ORDER

This cause came on to and was heard in
the Appellate Division for the Western
District sitting at Springfield upon Report
from the Fitchburg Division and, no error
having been found,

It is hereby

ORDERED: That the Clerk of Fitch-
burg Division make the following entry
in said case on the docket of said Court,
namely; Report dismissed.

William T. Walsh, Justice
Bernard Lenhoff, Justice
Allan McGuane, Justice
Opinion filed herewith.
Robert E. Fein, Clerk

### OPINION

Walsh, P.J. The plaintiffs, owners of
property in the City of Fitchburg,
petitioned the defendant zoning board of
appeals for a finding that their premises
were not being used in violation of the
applicable zoning ordinance. By letter
dated July 16, 1980 the superintendent of
buildings had notified them that they were
conducting a commercial landscaping
business in a residential zone. The
plaintiff's petition was filed on September
10, 1980 and a public hearing was held by
the board on October 20, 1980. At a duly
posted meeting on November 6, 1980,
upon consideration of the petition and
review of the evidence presented at the
public hearing, it was voted to deny the
petition. No written decision was filed at
this time but a written decision with a full
statement of reasons was filed with the
city clerk on December 29, 1980 (one
hundred and ten days after the filing of
the petition). Being aggrieved, the
plaintiffs commenced this action by a
complaint filed in the Fitchburg Division
of the District Court to annul the board's
decision. The complaint alleged that the
relief requested in the petition should be
granted since the board failed to act
within seventy-five days of filing in
accordance with G.L. c. 40A, sec. 15, a
provision of the new zoning law enacted
by sec. 3 of St. 1975, c. 808. Also, that the
board should have found that the
plaintiffs were using their premises as a
non-conforming use and were not subject
to regulation by the zoning ordinance.
After the board filed an appearance,
plaintiffs filed a motion for summary
judgment on the grounds that the board
failed to act in a timely fashion as
required by statute. After the judge
granted summary judgment for the
plaintiffs, the defendants claimed a
report. The jurisdictional facts as set
forth herein are not in dispute.

Prior to the enactment of the new
zoning law by St. 1975, c. 808, the failure
of a board to make and file its decision on
time was ordinarily taken to be directory
rather than mandatory. Cullen v.
Building Inspector of N. Attleborough,
353 Mass. 671, 679 (1968). Chapter 40A,
sec. 18 of the old law stated that "(t)he
decision of the board shall be made within
sixty days after the date of the filing of an
appeal, application or petition." Under
sec. 15 of the present zoning law, which is
comparable to the former sec. 18, "(t)he

decision of the board shall be made within seventy-five days after the date of the filing of an appeal, application or petition . . . Failure by the board to act within said seventy-five days shall be deemed to be the grant of the relief, application or petition sought, subject to an applicable judicial appeal as provided for in this chapter.''[3] Although decided on other grounds, **Casasanta v. Zoning Board of Appeals of Milford,** 377 Mass. 67, 69-70 (1979), in commenting on the changes in the zoning law stated that ''(t)hus the stated period was extended, but it would appear that the softening influence of the **Cullen** case was removed.'' See, **Fitchburg Housing Authy. v. Board of Zoning Appeals of Fitchburg,** Mass. Adv. Sh. (1980) 1465, 1467 n. 4., where it was noted ''(t)his automatic approval provision changed prior law.''

In 1981 a case was decided which is quite similar to the matter before us. The time span was one hundred twenty-three days and after the appeal was entered in court, summary judgment was granted for the defendant. In reversing and remanding for entry of judgment for the plaintiff, the Court held that ''(t)he language of c. 40A, sec. 15, obligates a board of appeals to act on an appeal within the statutory time period, otherwise the appellant prevails by default.'' **Rinaudo v. Zoning Bd. of Appeals of Plymouth,** Mass. Adv. Sh. (1981) 1244, 1244. Accord, **Building Inspector of Attleboro v. Attleboro Landfill, Inc.,** Mass. Adv. Sh. (1981) 1653, 1654-1655.

Defendants in the case before us argue that where a hearing was held and a decision made within the seventy-five days the requirements of the statute had been satisfied. The **Attleboro** case, in construing a different but similar section of the zoning law, held that statutory requirements had not been met until final action was done within the time prescribed and this included the filing of the decision with the appropriate city or town clerk. Mass. Adv. Sh. at 1655-1656.

In another recent decision, however, our Appeals Court took a somewhat different view on a case with a similar factual pattern to our case and the other cases discussed. Where an aggrieved abutter[4] filed for judicial review within twenty days of the date when the board filed a copy of its decision with the town clerk but more than twenty days after the date when the board had constructively granted the owners' petition by reason of its failure to act within the seventy-five day period a judgment of dismissal was reversed and the case was ordered to stand for further proceedings in the Superior Court. **Noe v. Board of Appeals of Hingham,** 13 Mass. App. Ct. 103, 109-110 (1982).

---

3. General Laws c. 40A, § 17, as amended by St. 1978, c. 478, § 32, provides, in part: "Any person aggrieved by a decision of the board of appeals or any special permit granting authority, whether or not previously a party to the proceeding, or any municipal officer or board may appeal to the superior court department for the county in which the land concerned is situated..., or to the division of the district court department within whose jurisdiction the land is situated..., by bringing an action within twenty days after the decision has been filed in the office of the city or town clerk..."

4. According to the report the intervenors are abutters who intervened after the motion for summary judgment was filed but prior to its being granted.

Perhaps the **Noe** case can be distinguished from the **Casasanta, Attleboro** and **Rinaudo** cases. In **Noe** an abutter filed a complaint against a board which had not acted seasonably and when it did act, granted the owner's petition. In the other three cases, as in ours, the court appeal involved the owner and a municipal authority which failed to take action as mandated by law and when it did act, ruled against the owner. In any event, we concur in the result as established in the three cases mentioned along with the reasoning that this construction ''will cause the least confusion to attorneys and others concerned with the law relating to land use.'' **Attleboro, supra,** at 1657. **Noe v. Board of Appeals of Hingham,** 13 Mass. App. Ct. 103 (1982), Dreben, J. (dissenting) at 112.

No error having been found, the report is ordered dismissed.[5]

**William T. Walsh, P.J.**
**Bernard Lenhoff, J.**
**Allan McGuane, J.**

This certifies that this is the OPINION of the Appellate Division in this cause.

**Robert E. Fein, Clerk**

---

5. Although the issue of jurisdiction of the Appellate Division regarding these appeals has not been raised herein, we understand it has been raised in other divisions and remains at present a legitimate question which will hopefully soon be resolved.