MAUREEN M. BRENNAN *vs.* BOARD OF APPEALS OF BOURNE. May 24, 1982. This is an action in the Superior Court whereby the plaintiff challenges the decision of the defendant board upholding the refusal of the local building inspector to certify her property for use as a seasonal condominium colony. See G. L. c. 40A, § 17, as most recently amended by St. 1978, c. 478, § 32. The case has been argued on the footing that the relief sought by the plaintiff had been constructively granted by the board under the fifth paragraph of G. L. c. 40A, § 15 (as appearing in St. 1975, c. 808, § 3). In the circumstances presented here, there was no error.

The trial judge ruled that the plaintiff was entitled to the relief sought by virtue of "the board's failure to *act* within the mandatory [seventy-five

day] statutory time period" (emphasis supplied). See *Rinaudo* v. *Zoning Bd. of Appeals of Plymouth*, 383 Mass. 885 (1981) ("The language of c. 40A, § 15, obligates a board of appeals to act on an appeal within the statutory time period, otherwise the appellant prevails by default"). The board did not take a dispositive vote until the eighty-third day. Eight days later the board issued a written decision in accordance with that vote. That decision was filed with the town clerk on the ninety-third day after "the date of the filing of [the] appeal." G. L. c. 40A, § 15.

The applicant sought and obtained a fourteen-day continuance of the hearing date. However, it is apparent from the record, and the parties concede, that the board commenced the hearing required by § 15 "within sixty-five days from the transmittal to the board of . . . [the plaintiff's] appeal." G. L. c. 40A, § 15, par. 3. Using the sixty-fifth day as a benchmark, we quickly pass over all the board's various contentions with regard to the causes and responsibility for any delay in holding the hearing, because we believe that there was ample time for the board to "act" after the hearing without exceeding the statutory deadline.

Likewise, we do not pause to discuss the various definitions of the term "act" suggested by the board. See *Casasanta* v. *Zoning Bd. of Appeals of Milford*, 377 Mass. 67, 69-70 & nn. 3 & 4 (1979). But see *Spalke* v. *Board of Appeals of Plymouth*, 7 Mass. App. Ct. 683, 688 (1979) (dictum). We conclude that the board failed to perform within seventy-five days the type of act contemplated by G. L. c. 40A, § 17. See *Shea* v. *Aldermen of Chicopee, ante* 1046, 1047 (1982). Cf. *Building Inspector of Attleboro* v. *Attleboro Landfill, Inc.*, 384 Mass. 109, 111-112 (1981). See also *Yaro* v. *Board of Appeals of Newburyport*, 10 Mass. App. Ct. 587, 591 n.7 (1980). The decision was not filed with the town clerk until well beyond the seventy-five day limit.

We have no occasion to decide "whether seventy-five days plus the fourteen-day period for filing the decision rather than the seventy-five days is the 'applicable judicial appeal' period because, in any event, both periods have expired in this case." *Noe* v. *Board of Appeals of Hingham, ante* 103, 112 n.1 (1982) (Dreben, J., dissenting).

*Judgment affirmed.*

*Robert Sweeney Troy*, Town Counsel, for the defendant.
*Stephen M. Rappaport* for the plaintiff.