FRANCIS W.R. CAPONE & another[1] vs. ZONING BOARD OF
APPEALS OF FITCHBURG & others.[2]
DENNIS SYRIOPOULOS & another[3] vs. FRANCIS W.R. CAPONE
& others.[4]

Worcester.  February 10, 1983. — July 6, 1983.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & LYNCH, JJ.

*Practice, Civil,* Zoning appeal.  *Zoning,* Board of appeals: decision, con-
structive grant of relief.  *Statute,* Construction.

A petition by landowners for zoning relief was deemed to have been con-
structively granted through inaction of a city's zoning board of appeals
where the board, although rendering its decision denying the petition
within seventy-five days after its filing by the landowners, as con-
templated by G. L. c. 40A, § 15, failed to comply with the additional
requirement of § 15 that it file its decision with the town clerk within
fourteen days.  [621-624]

In a District Court action under G. L. c. 40A, § 17, brought by the
owners of a certain parcel of land, a judgment setting aside an order of
a city's board of appeals denying zoning relief benefitting the parcel,
and determining that the relief sought had been constructively granted
through the board's inaction, did not have the additional effect of
reviving whatever rights abutters may have had under § 17 to bring an
appeal from the constructive grant of relief.   [624-625].

Two CIVIL ACTIONS commenced in the Fitchburg Division
of the District Court Department on January 16, 1981, and
June 25, 1981, respectively.

The first case was heard by *Gelinas,* J.

The second case was transferred to the Superior Court
Department and heard by *O'Neil,* J.

The Supreme Judicial Court granted a request for direct
appellate review.

---

[1] Helen Capone.

[2] Dennis Syriopoulos and Joan Syriopoulos, interveners.

[3] Joan Syriopoulos.

[4] Helen Capone and the Zoning Board of Appeals of Fitchburg.

*Robert B. Bowen* (*Arthur Haley* with him) for Dennis Syriopoulos & another.

*Steven B. DiPace* for Francis W.R. Capone & another.

LYNCH, J. These two appeals raise related questions concerning the construction of two sections of G. L. c. 40A, The Zoning Act. The first case (Capone) is here on appeal from a decision of the Appellate Division of the District Courts which was rendered prior to our decision in *Walker* v. *Board of Appeals of Harwich,* 388 Mass. 42 (1983).[5] The second case (Syriopoulos) which is an appeal from a decision of the Superior Court is here on our allowance of an application for direct appellate review. The Capone case requires us to construe those provisions of G. L. c. 40A, § 15, which attempt to define the circumstances under which a party's petition for zoning relief will be deemed to have been constructively granted by inaction of a zoning board of appeals. In the Syriopoulos case the parties ask us to determine the time within which a person aggrieved by a decision of a zoning board of appeals under G. L. c. 40A, § 15, must file an appeal under the judicial review provisions of G. L. c. 40A, § 17.[6] Although these appeals result from

---

[5] In *Walker,* we held that "the Appellate Division does not have jurisdiction to hear appeals from actions tried in the District Court under G. L. c. 40A, § 17." *Walker, supra* at 43-44. However, we further stated this determination of the jurisdictional issue would be applied prospectively only. *Id.* at 44. The appeal to the Appellate Division in this case and its decision occurred before our decision in *Walker.*

[6] General Laws c. 40A, § 15, as appearing in St. 1975, c. 808, § 3, states in part: "All hearings of the board of appeals shall be open to the public. The decision of the board shall be made within seventy-five days after the date of the filing of an appeal, application or petition except in regard to special permits, as provided for in section nine of this chapter. Failure by board to act within said seventy-five days shall be deemed to be the grant of the relief, application or petition sought, subject to an applicable judicial appeal as provided for in this chapter. The board shall cause to be made a detailed record of its proceedings, indicating the vote of each member upon each question, or if absent or failing to vote, indicating such fact, and setting forth clearly the reason or reasons for its decision and of its official actions, copies of all of which shall be filed within fourteen days in the office of the city or town clerk and shall be a public record; and notice of the decision shall be mailed forthwith to the petitioner, applicant or appellant, to the parties in interest designated in section

two separate judicial proceedings below, we decide them together since they involve the same parties and arise from the same facts.

The facts are as follows. On July 16, 1980, the superintendent of buildings of Fitchburg notified Francis W.R. Capone and Helen Capone (Capones) by letter that they were improperly conducting a commercial landscaping business in a residential zone. On September 10, 1980, the Capones filed a petition with the Fitchburg board of zoning appeals (board) seeking an interpretation that their premises were not being used in violation of the applicable zoning ordinance. The board held a public hearing on the Capones' petition on October 20, 1980. At a public meeting on November 6, 1980, notice of which had been duly posted, the board voted to deny the Capones' petition. This occurred fifty-seven days after the Capones filed their petition. On December 29, 1980, 110 days after the petition

eleven, and to every person present at the hearing who requested that notice be sent to him and stated the address to which such notice was to be sent. Each notice shall specify that appeals, if any, shall be made pursuant to section seventeen and shall be filed within twenty days after the date of filing of such notice in the office of city or town clerk."

General Laws c. 40A, § 17, as amended by St. 1978, c. 478, § 32, states in part: "Any person aggrieved by a decision of the board of appeals or any special permit granting authority, whether or not previously a party to the proceeding, or any municipal officer or board may appeal to the superior court department in which the land concerned is situated or . . . to the division of the district court department within whose jurisdiction the land is situated . . . by bringing an action within twenty days after the decision has been filed in the office of the city or town clerk. If said appeal is made to said division of the district court department, any party shall have the right to file a claim for trial of said appeal in the superior court department within twenty-five days after service on the appeal is completed, subject to such rules as the supreme judicial court may prescribe. Notice of the action with a copy of the complaint shall be given to such city or town clerk so as to be received within such twenty days. The complaint shall allege that the decision exceeds the authority of the board [or] authority, and any facts pertinent to the issue, and shall contain a prayer that the decision be annulled. There shall be attached to the complaint a copy of the decision appealed from, bearing the date of filing thereof, certified by the city or town clerk with whom the decision was filed."

was filed, the board filed a written decision with a full statement of reasons with the city clerk.

On January 16, 1981, the Capones filed a complaint in the District Court of Fitchburg pursuant to the judicial review provisions of G. L. c. 40A, § 17. The complaint sought to annul the board's decision. The Capones alleged that the relief requested in the original petition was constructively granted because the board had failed to file its decision with the city clerk within seventy-five days of the day the petition was filed. After the board entered an appearance in the case, the Capones moved for summary judgment on the ground that the board had failed to act in a timely fashion as required by statute.

On March 26, 1981, Dennis and Joan Syriopoulos (Syriopouloses), whose property abuts the Capones' property, filed a motion to intervene, which was allowed with the consent of all parties. On June 4, 1981, the District Court granted the Capones' motion for summary judgment and judgment was entered for them. Both the board and the Syriopouloses claimed a report to the Appellate Division of the District Courts, which affirmed the judgment of the District Court and ordered the report dismissed. The Syriopouloses appealed to this court from that decision.

In addition, on June 25, 1981, following the entry of judgment for the Capones in the District Court, the Syriopouloses filed a complaint in the District Court against the board and the Capones. This complaint purported to be an appeal under the provisions of G. L. c. 40A, § 17. The Syriopouloses alleged that following the entry of summary judgment by the District Court on June 4, 1981, they became "person[s] aggrieved," under G. L. c. 40A, § 17, with the right to judicial review. The board then claimed a trial of the appeal in the Superior Court pursuant to § 17, and the case was removed to that court. The Capones filed a motion for summary judgment and a motion to dismiss alleging that the Syriopouloses' "appeal" under G. L. c. 40A, § 17, was not timely because it had been filed more than twenty days after the board had constructively granted their

petition and thus the "appeal" failed to conform to the requirements of § 17. The Superior Court denied the Capones' motions and the "appeal" was submitted to the court on a statement of agreed facts. The court entered judgment for the Syriopouloses ruling that the Capones' use of their premises for a landscaping business violated the Fitchburg zoning ordinance. The Capones appealed from this judgment.

1. The first question is whether the board's failure to file its written decision in a timely manner as mandated by § 15 resulted in a constructive grant of the relief sought. In pertinent part, G. L. c. 40A, § 15, as appearing in St. 1975, c. 808, § 3, states: "All hearings of the board of appeals shall be open to the public. The *decision* of the board shall be made within seventy-five days after the date of the filing of an appeal, application or petition . . . . Failure by the board to act within said seventy-five days shall be deemed to be the grant of the relief, application or petition sought, subject to an applicable judicial appeal as provided for in this chapter. The board *shall cause* to be made a detailed record of its proceedings . . . setting forth clearly the reason or reasons for its decision and of its official actions, copies of all of which *shall be filed within fourteen days* in the office of the city or town clerk and shall be a public record; and notice of the decision shall be mailed forthwith to the petitioner, applicant or appellant, [and] to the parties in interest designated in section eleven . . . . Each notice shall specify that appeals, if any, shall be made pursuant to section seventeen and shall be filed within twenty days after the date of filing of such notice in the office of city or town clerk" (emphasis added). The Capones contend that the statute requires the board not only to make its decision but also to file its decision with the city clerk in order to prevent a petition from being constructively granted.

The addition of G. L. c. 40A, § 15, to the zoning law by St. 1975, c. 808, § 3, changed prior law. We previously had interpreted the predecessor section to G. L. c. 40A, § 15, G. L. c. 40A, § 18, as amended through St. 1971, c. 1018,

(which had stated that "[t]he decision of the board shall be made within sixty days after the date of the filing of an appeal, application or petition"), as establishing only a directory procedure rather than a mandatory one. See *Cullen* v. *Building Inspector of N. Attleborough,* 353 Mass. 671, 679 (1968). However, as we stated in *Casasanta* v. *Zoning Bd. of Appeals of Milford,* 377 Mass. 67, 70 (1979), when the Legislature passed § 15 of the current law, it both extended the statutory time period for the board to make a decision and removed the "softening influence of the *Cullen* case." The intent of the Legislature, as we recognized in *Rinaudo* v. *Zoning Bd. of Appeals of Plymouth,* 383 Mass. 885 (1981), was to "[obligate] a board of appeals to act on an appeal within the statutory time period, otherwise the appellant prevails by default."

The *Rinaudo* decision focused on that portion of the statute which requires the board "to act" within said seventy-five days and concluded that the board's failure to comply with that part of the statute resulted in a constructive grant of the petition. In this case, we must determine whether the same sanction applies when a board of appeals makes a decision within seventy-five days but fails to comply with the statutory requirement that it file its decision "within fourteen days." We conclude that the same result is required.[7]

We recognize that this part of the statute is ambiguous. In our construction of the statute, though, we are guided by the principle that, "[w]here the draftsmanship of a statute is faulty or lacks precision, it is our duty to give the statute a reasonable construction." *School Comm. of Greenfield* v. *Greenfield Educ. Ass'n,* 385 Mass. 70, 79-80 (1982). Additionally, we must construe the statute "in connection with the cause of its enactment, the mischief or imperfection to

---

[7] Since the question is not before us, we do not decide whether a constructive grant occurs if the board fails to file within fourteen days of its decision or only if it fails to file within fourteen days of the last day of the period during which board action is permitted (seventy-five days).

be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated." *Industrial Fin. Corp.* v. *State Tax Comm'n,* 367 Mass. 360, 364 (1975), quoting from *Hanlon* v. *Rollins,* 286 Mass. 444, 447 (1934). We conclude that the board's failure to perform all of the statutorily required actions will result in the constructive grant of the relief sought. The purpose of this portion of the statute, together with its requirement that the board make its decision within seventy-five days, is to induce the board to act promptly. See *Noe* v. *Board of Appeals of Hingham,* 13 Mass. App. Ct. 103, 110 (1982) (Dreben, J., dissenting).

The conclusion is buttressed by consideration of the judicial review provisions of G. L. c. 40A, § 17, as amended by St. 1978, c. 478, § 32. This section directs a person aggrieved by a decision of the board of appeals to bring an action in the proper court "within twenty days *after the decision has been filed* in the office of the city or town clerk" (emphasis added). Therefore, the filing of the decision is necessary to limit the period in which appeals may be taken under § 17. See *Building Inspector of Attleboro* v. *Attleboro Landfill, Inc.,* 384 Mass. 109, 111 & n.1 (1981).

Under a strict reading of § 17, a person aggrieved by a denial by the board of appeals of his petition could be prevented from filing an appeal if the board never filed its decision. Conversely, if the board granted a petition but failed to file its decision, any person aggrieved, such as an abutter, would have "what may be an unlimited period of time . . . to cloud the rights of a landowner to use his land," as the person aggrieved would have twenty days in which to file his appeal after the board finally filed its decision. *Noe* v. *Board of Appeals of Hingham, supra* at 111 (Dreben, J., dissenting). Thus, a literal reading of the statute would frustrate the Legislature's intent by creating a potentially unlimited appeal period. "Such an unlimited appeal period is contrary to our appellate practice . . . ." *Building Inspector of Attleboro* v. *Attleboro Landfill, Inc., supra* at

112. We must construe the statute in a manner that will effectuate, not frustrate, the legislative intent. *Board of Appeals of Hanover* v. *Housing Appeals Comm.*, 363 Mass. 339, 354 (1973). Thus, the applicable judicial appeal period must be limited to a definite time even when a board does not timely file its decision in the office of the city or town clerk.

In this case, although the board voted on the fifty-seventh day to deny the Capones' petition, it did not file its decision until 110 days after the Capones had filed their petition, in clear contravention of the statutory requirement.

Since the board failed to file its decision within the time required, the order of the Appellate Division of the District Courts ordering dismissal of the appeal by the Syriopouloses is affirmed.

2. In the Syriopoulos case, the parties state that the issue to be decided is: What event begins the twenty day period during which a person aggrieved by a decision of the board of appeals may seek judicial review under G. L. c. 40A, § 17? However, we decide this appeal on a matter of procedure without reaching this issue.[8]

In pertinent part G. L. c. 40A, § 17, states: "Any person aggrieved by a decision of the board of appeals . . . may appeal to the superior court department in which the land concerned is situated or . . . to the division of the district court department within whose jurisdiction the land is situated . . . by bringing an action within twenty days *after the decision has been filed in the office of the city or town clerk*" (emphasis added).

---

[8] Neither do we decide when a person aggrieved by a constructive grant of a petition must appeal. In a majority opinion, limited to the facts of the case, the Appeals Court has decided that the Superior Court had jurisdiction to decide an appeal from a decision of the board entered well within twenty days of the filing of the board's decision but not within twenty days of the date of the constructive grant where the board's decision was apparently filed in response to an action commenced within that twenty-day period by a person aggrieved by the constructive grant. *Noe* v. *Board of Appeals of Hingham*, 13 Mass. App. Ct. 103, 109-110 (1982).

As we noted above, the Syriopouloses did not file their purported § 17 appeal until approximately six months after the board filed its decision, and only after the District Court judge hearing the Capones' § 17 appeal had found that the Capones' petition was granted constructively by the board's failure to file its decision in a timely manner. The Syriopouloses contend that they were not "person[s] aggrieved" under the requirements of § 17 at the time the board filed its decision but only became "aggrieved" after the District Court decision. The Syriopouloses' reliance on § 17 as the basis for this appeal was misplaced. As stated above, § 17 provides for appeals only by a "person aggrieved *by a decision of the board of appeals*" (emphasis added). In this case, the Syriopouloses failed to file an appeal from a decision of the board of appeals. Therefore, the Superior Court had no jurisdiction to hear this § 17 "appeal," and the complaint should have been dismissed.

3. *Conclusion.* To summarize, in the Capone appeal the order of the Appellate Division of the District Courts dismissing the report is affirmed. In the Syriopoulos appeal the judgment of the Superior Court is reversed with the direction that a new judgment enter dismissing the complaint.

*So ordered.*