THOMAS C. PAQUIN, trustee, *vs*. BOARD OF APPEALS
OF BARNSTABLE.

No. 88-P-553.

Barnstable. March 10, 1989. — July 18, 1989.

Present: WARNER, KAPLAN, & FINE, JJ.

*Zoning*, Appeal; Board of appeals: decision; Constructive grant of relief;
Variance. *Practice, Civil*, Zoning appeal. *Statute*, Construction.

The provision of G. L. c. 40A, § 15, for constructive grant of zoning relief
through inaction of a municipality's zoning board of appeals did not
apply to a proceeding for reconsideration (sometimes called a repetitive
petition) of a previously denied application for a zoning variance pursuant
to G. L. c. 40A, § 16. [579-581]

CIVIL ACTION commenced in the Superior Court Department
on November 16, 1987.

The case was heard by *Andrew Gill Meyer*, J., on a motion
for summary judgment.

*Richard C. Anderson* for the plaintiff.
*Robert D. Smith*, Town Counsel, for the defendant.

WARNER, J. The question presented by this case is whether
the constructive grant provision of G. L. c. 40A, § 15, applies
to a proceeding for reconsideration, sometimes called a repeti-
tive petition, of a previously denied zoning variance pursuant
to G. L. c. 40A, § 16.

On May 22, 1986, the board of appeals of Barnstable (board
of appeals) denied the plaintiff's petition for a variance to be
allowed to enlarge, alter and convert to office use a dwelling
in a residence zone. The plaintiff thereafter made site and
building changes in his proposal and filed with the town clerk
on January 20, 1987, another petition for variance for the same
use.

General Laws c. 40A, § 16, provides, in pertinent part, that no application or petition which has been unfavorably and finally acted upon by a permit granting authority (the board of appeals) shall be favorably acted upon within two years of the negative decision unless (1) the board of appeals finds that there are specific and material changes in the subsequent proposal, see *Ranney* v. *Board of Appeals of Nantucket,* 11 Mass. App. Ct. 112, 115-118 (1981), and (2) the planning board consents to the board of appeal's reconsideration.[1]

On January 29, 1987, the board of appeals by unanimous vote found specific and material changes in the second proposal. The town's planning board on March 9, 1987, also by unanimous vote, consented to reconsideration. A public hearing on the repetitive petition was held by the board of appeals on May 14, 1987. At that hearing, the plaintiff took the position that the requested variance had been constructively granted under the provisions of G. L. c. 40A, § 15, as 114 days had then passed since the filing of the second petition with the town clerk on January 20, 1987; the plaintiff also presented the merits of his request.

The board of appeals voted on September 17, 1987, to deny the petition and filed its written decision with the town clerk on October 29, 1987. The plaintiff filed an appeal pursuant to G. L. c. 40A, § 17. The board of appeals filed no answer. On the plaintiff's motion for summary judgment, a Superior Court judge granted summary judgment to the board. See Mass.R.Civ.P. 56(c), 365 Mass. 824 (1974). On the undisputed facts, the judge concluded that the constructive grant provision of G. L. c. 40A, § 15, did not apply to a repetitive petition for a variance under G. L. c. 40A, § 16. In the alternative, the judge ruled that the variance could not have been constructively granted when the facts, as matter of law, did not permit the granting of a variance. See G. L. c. 40A, § 10.

---

[1] The statute also quantifies the required vote depending upon the number of the members of each board: board of appeals — unanimous with three members, four of five members, two-thirds of more than five members; planning board — all but one member.

General Laws c. 40A, § 15, as appearing in St. 1975, c. 808, 3, applicable to this case, provided that failure of a board of appeals to act on a petition for a variance within seventy-five days of the filing of the petition with a city or town clerk would be deemed to constitute a grant of the variance.[2] See *Rinaudo* v. *Zoning Bd. of Appeals of Plymouth*, 383 Mass. 885, 885 (1981); *Capone* v. *Zoning Bd. of Appeals of Fitchburg*, 389 Mass. 617, 621-624 (1983); *Noe* v. *Board of Appeals of Hingham*, 13 Mass. App. Ct. 103, 108 (1982); *Cameron* v. *Board of Appeals of Yarmouth*, 23 Mass. App. Ct. 144, 147-148 (1986). If the petition for a variance had been an original one, the variance would have been constructively granted by the board of appeal's inaction. The petition here, however, was a renewed one. Section 16 of G. L. c. 40A is silent as to any time for action by either the board of appeals or the planning board on the threshold questions entrusted to each or by the board on the merits of the renewed petition.

The purpose of the constructive grant provision of § 15 "is to induce the board to act promptly." *Capone* v. *Zoning Bd. of Appeals of Fitchburg*, 389 Mass. at 623, citing *Noe* v. *Board of Appeals of Hingham*, *supra* at 110 (Dreben, J., dissenting). The plaintiff argues that it would be consistent with that end to read the procedural requirements of § 15 into § 16. Although neither statute refers to the other, a literal reading of the two might support that approach. Thus, it would be required that a hearing on a repetitive petition be held within sixty-five days from the receipt by the board of appeals of a copy of the petition from the city or town clerk, that a decision be rendered within seventy-five days of the filing of the petition, and that the decision be filed within fourteen days with the clerk. Other procedural requirements must clearly be read with § 16. See, e.g., G. L. c. 40A, § 11 (notice requirements for public hearings).

---

[2] Section 15 was rewritten by St. 1987, c. 498, § 3, approved November 17, 1987, so as to extend in general the period within which a board must act to one hundred days and to put the onus on a petitioner who claims a constructive grant to establish it of record and to apprise interested parties of appellate rights.

While we must give statutes a reasonable construction so that the purpose of the Legislature may be accomplished, see *Capone* v. *Zoning Bd. of Appeals of Fitchburg*, 389 Mass. at 622-623, "we will not 'read into the statute a provision which the Legislature did not see fit to put there, whether the omission came from inadvertence or of set purpose.'" *Sterilite Corp.* v. *Continental Cas. Co.*, 397 Mass. 837, 839 n.3 (1986), quoting from *King* v. *Viscoloid Co.*, 219 Mass. 420, 425 (1914). Moreover, we should not make a construction which may produce an unworkable scheme or one which allows for frustration of function.

In the case of an original application or petition, the constructive grant provision of § 15 applies to proceedings which are entirely within the board of appeal's control. In the case of a repetitive petition, § 16 introduces the additional element of planning board approval. The board of appeals has no authority over the planning board's timing of its hearings or decisions.[3] If a planning board does not act, purposefully or not, within the time frame prescribed for board of appeals action under § 15, could the Legislature have intended that an application be deemed granted by the board of appeals? We hold that it did not and that the constructive grant provision of § 15 does not apply to a repetitive petition filed under § 16. To conclude otherwise would open the possibility of the planning board, in effect, exercising an essential function of the board of appeals.

---

[3] The repetitive petition procedure was formerly contained in G. L. c. 40A, § 20. Under that section, reconsideration by a board of appeals could be had only with the consent of all but one member of the planning board. In an early advisory report on the comprehensive revision of G. L. c. 40A, later embodied in St. 1975, c. 808, § 3, the Department of Community Affairs commented on proposed changes in the § 20 procedure. "The Department also recommends that the criteria for reconsideration be specified as a finding by the *board of appeals* that subsequent to the initial consideration there has been a 'material change of fact' rather than the unlimited discretion presently vested in the planning board. . . . Under the present system the repetitive petitioner must in effect argue his case twice — once before the planning board to secure consent for reconsideration, and then again before the board of appeals. Once the 'changed condition' standard is established by the statute and a written specific finding is required, such a cumbersome procedure no longer seems warranted" (emphasis in original). 1972 House Doc. No. 5009, at 71.

Section 16 requires planning board involvement only as a precedent to *favorable* board of appeals action. It might be argued that nothing in § 16 prevents a board of appeals from acting (without planning board consent) *unfavorably* on a repetitive petition (either on a finding that the requisite change has not been shown or on the merits) within the time constraints set out in § 15.[4] However, a board of appeals, finding "specific and material changes" in a petition under § 16, might be *favorably* disposed to grant a variance but also to attach appropriate "conditions, safeguards and limitations." G. L. c. 40A, § 10. Planning board inaction or delay — if a constructive grant were the result — would frustrate the imposition of such restrictions.

While some time limits (both as to threshold and final decision) on planning board and board of appeals action on a repetitive petition would appear to be consistent with legislative intent to prod prompt decision once votes are made which allow reconsideration, those are, in the circumstances, matters calling for explicit consideration and the exercise of judgment by the Legislature.[5]

In view of our disposition, we need not reach the propriety of the judge's alternative ruling that the variance requested was beyond the authority of the board to grant. But see *Elder*

---

[4] We note, however, that the language of § 16 leaves it unclear whether a planning board's function is simply to approve reconsideration by a board of appeals or to endorse favorable action. It it is the former, which appears likely, the board of appeals could not even consider the merits of the repetitive petition until the planning board approved. The former § 20 of G. L. c. 40A called only for planning board approval of *consideration on the merits* of a subsequent petition. See *Shalbey* v. *Board of Appeals of Norwood*, 6 Mass. App. Ct. 521, 527 n.8 (1978).

[5] The legislative history of the addition of the constructive grant provision in § 15 lends some support to a conclusion that the failure expressly to deal with the consequences of inaction on a repetitive petition under § 16 may have been inadvertent. The constructive grant amendment to § 15 was made for the first time late in the legislative process of the revision of G. L. c. 40A by amendment from the Senate floor. See 1975 Senate Journal at 2215. Although we are not called upon to address the question in this case, the amendments to § 15 by St. 1987, c. 498, § 3, see note 2, *supra,* do not on their face appear to relate to a repetitive petition under § 16. No change has been made in § 16 since its enactment in 1975.

*Care Servs., Inc.* v. *Zoning Bd. of Appeals of Hingham*, 17 Mass. App. Ct. 480 (1984). The plaintiff makes no argument that the board's denial of the variance exceeded its authority. See G. L. c. 40A, § 17.

*Judgment affirmed.*