Lemire, James R., J.
The parties to this consolidated action seek judicial review pursuant to G.L.c. 40A, § 17 of the Grafton Zoning Board of Appeals’ (“the ZBA”) decision to uphold the Grafton building inspector’s (“the Building Inspector”) denial of zoning permits to land developer David Mason (“Mason”) to build on land in Grafton (“the Town”). In Civil Action No. 2005-1759 (“Action 05-1759”), Mason, as plaintiff, seeks ajudicial determination that his petition for zoning permits was constructively approved by the ZBA’s failure to file their decision with the Grafton Town Clerk (“the Town Clerk”) within 114 days as required by G.L.c. 40A, § 15, and that the decision is therefore a nullify.[3] In Civil Action 2005-1697 (“Action 05-1697”), the plaintiff, Ronald DeSantis,[4] building inspector for the Town, argues that, because Mason was fully aware of his appeal’s denial by virtue of attending the ZBA’s public hearing on his case, the ZBA’s failure to file their decision with the Town Clerk did not result in constructive approval of Mason’s petition. Furthermore, DeSantis argues that the constructive approval of Mason’s petition was beyond the authority of the ZBA and was arbitrary, capricious, contrary to the law, and void. The two cases were consolidated on December 15, 2005.
Mason now moves for summary judgment in Action 05-1759 and partial summary judgment in Action 05-1697, alleging that no genuine issue of material fact exists on the issue of constructive approval of his zoning permit petition. Following a hearing on May 7, 2007, and for the reasons set forth below, Mason’s Motion for Summary Judgment in Action 05-1759 is ALLOWED, and his Motion for Partial Summary Judgment in Action 05-1697 is ALLOWED.
BACKGROUND
The court summarizes the relevant facts, which are taken from the summary judgment record, in the light *292 most favorable to the nonmoving party. See Attorney Gen. v. Bailey, 386 Mass. 367, 371 (1982).
Mason is the developer of land located at Lot 1 and Lot 2 on Old Westboro Road and North Street in Grafton, Massachusetts. He seeks to construct two homes on Old Westboro Road and to use North Street to provide access to the construction site. After the Grafton Planning Board (“the Planning Board”) approved his ANR plan,[5] Mason petitioned to the Building Inspector to grant him building permits for Lots 1 and 2. In a letter dated April 20, 2005, the Building Inspector denied the permits, stating that: (1) the ANR plan did not comply with frontage requirements; and (2) that the lots must be accessed over legal frontage.
On May 6, 2005, Mason filed a petition to the ZBA appealing the Building Inspector’s decision. On June 9, 2005, the ZBA held a public hearing, which Mason attended, and voted to deny Mason’s appeal. The ZBA entered its decision in its records and public minutes on June 9, but did not file it with the Town Clerk until August 30, 2005. On August 26, 2005, Mason filed a notice of constructive approval with the Town Clerk. On September 12, 2005, DeSantis filed Action No. 05-1697, followed by Mason’s filing of Action No. 05-1759 on September 19, 2005.
LEGAL STANDARD
Summary judgment is appropriate where there are no genuine issues of material fact and the moving pariy is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Community Nat'l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the record entitles them to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16, 17 (1989). Aparty who does not bear the burden of proof at trial may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing parly’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Commc’ns Corp., 410 Mass. 805, 809 (1991). Once the moving party “establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact.” Pederson, 404 Mass. at 17. The court reviews the evidence in the light most favorable to the nonmoving party, but does not weigh evidence, assess credibility, or find facts. See Attorney Gen. v. Bailey, 386 Mass. 367, 370-71 (1982).
DISCUSSION
I. Motion for Summary Judgment in Action No. 05-1759
G.L.c. 40A, §15, requires the ZBA to render and file a decision on an applicant’s petition with the Town Clerk within 114 days of the date of filing of the petition. Mason moves for summary judgment in Action No. 05-1759, arguing that the ZBA’s failure to file its decision by August 29, 2005, 115 days after the filing of Mason’s May 6, 2005 petition, resulted in the petition’s constructive approval. In the Joint Memorandum of Law in Opposition to Mason’s Motion for Summary Judgment (“the Opposition”), the Building Inspector and the Carrs argue that, under G.L.c. 40A, §15, no constructive approval of Mason’s petition occurred because the ZBA took final action when they heard and decided Mason’s appeal within 100 days from the filing of the appeal. Specifically, they argue that the ZBA’s failure to file within fourteen days of rendering the decision does not result in a constructive grant of the petition because the requirement to file a written decision with the Town Clerk is directory and not mandatory. Alternatively, they assert that the ZBA had until August 30, 2005, to file the decision.
Massachusetts courts have interpreted the language of G.L.c. 40, §15, to state that, if the ZBA acts within 100 days but then fails to file its decision within the fourteen days provided by the statute, a constructive grant of the petition results. Burnham v. Hadley, 58 Mass.App.Ct. 479, 482 n.5 (2003), citing Capone v. Zoning Bd. of Appeals of Fitchburg, 389 Mass. 617, 624-25 (1983). The Capone court held that the Legislature’s purpose in imposing the time constraints was to “induce the board to act promptly,” a “conclusion [that is] buttressed by consideration of the judicial review provisions of G.L.c. 40A, §17 . . .”[6] Id. at 623. See also O’Kane v. Board of Appeals ofHingham, 20 Mass.App.Ct. 162, 164 n.4 (1985) (holding that by enacting G.L.c. 40A, §15, the legislature intended “to avoid [the] perpetual ‘cloud’ ” of the filing process “[being] protracted indefinitely”). Therefore, the argument that the filing requirement is not mandatory is without merit.
With regard to the Opposition’s argument that the ZBA’s filing was timely, there is no genuine issue of material fact that the ZBA failed to file its decision within the 114 days required by G.L.c. 40A, §15. The parties do not dispute that the ZBA rendered its decision on Mason’s petition within the statutory time period.[7] It failed, however, to file the decision with the Town Clerk within fourteen days from August 15, 2005.
Mass.R.Civ.P. 6(a) sets forth a rule for computing “any period of time prescribed ... by any applicable statute or rule,” stating that “the day of the act, event, or default after which the designated period of time begins to run shall not be included.” Here, August 15, being the 100th day, was the day after which the statutory filing period of fourteen days began to run. As such, it was “day zero” and was not included in the calculation of the fourteen days. Accordingly, the count started on August 16, resulting in August 29 being day fourteen. Mason correctly points out that the Opposition’s argument that the fourteen-day clock started running on August 16, with that day being day zero, resulting in a August 30 filing deadline, lacks *293 both statutory and common-law support. For the foregoing reasons, the court enters summary judgment in Mason’s favor, and strikes the ZBA’s decision.
II. Motion for Partial Summary
Judgment in Action No. 05-1697
In his Motion for Partial Summary Judgment in Action 05-1697, Mason asks the court to strike Paragraph 2 of DeSantis’s complaint, wherein DeSantis alleges that no constructive approval of the petition occurred because Mason was aware of the ZBA’s decision by virtue of attending the public hearing. As Mason correctly points out, DeSantis’s argument has no legal basis. Courts have held that G.L.c. 40A, §15, entitles applicants to constructive relief if the ZBA fails to satisfy all of the statutory requirements, regardless of the circumstances. See Board of Appeals of West-wood v. Lambergs, 42 Mass.App.Ct. 411, 415 (1997) (holding that “the board’s suggestion that the [applicants] should have noted [the board’s] error and sought clarification or filed an appeal seeks unfairly to shift the responsibility for the board’s inaction to the applicants.”) As Mason’s awareness of the ZBA’s decision is immaterial to the finding of constructive approval, paragraph 2 of DeSantis’s complaint does not create a genuine issue of material fact as to whether the ZBA’s failure to timely file its petition resulted in a constructive approval of Mason’s petition. For the foregoing reasons, the court enters partial summary judgment in Mason’s favor, and strikes paragraph 2 of DeSantis’s complaint.
ORDER
Based on the foregoing, Mason’s Motion for Summary Judgment in Action No. 05-1759 is ALLOWED, and his Motion for Partial Summary Judgment in Action No. 05-1697 is ALLOWED.[8]

G.L.c. 40A, §15, reads in pertinent part: “The decision of the board shall be made within one hundred days after the date of the filing of an appeal. . . Failure by the board to act within said one hundred days . . . shall be deemed to be the grant of the appeal . . . The petitioner who seeks such approval by reason of the failure of the board to act within the time prescrtbed shall notify the city or town clerk, in writing, within fourteen days from the expiration of said one hundred days . . . The board shall cause to be made a detailed record of its proceedings, . . . setting forth clearly the reason for its decision... copies of all of which shall be filed within fourteen days in the office of the city or town clerk . . .”

DeSantis amended the complaint by adding Owen and Santina Carr (“the Carrs”), abutters to Lots 1 and 2, as plaintiffs to this action. Later in litigation, Robert Berger, the new building inspector for the Town of Grafton, was substituted as plaintiff in place of DeSantis.

Mason submitted a subdivision application to the Planning Board on October 2004. The Planning Board denied the application because there was no legal frontage on North Street for the proposed access. In February 2005, Mason submitted another ANR plan that relied on frontage on Old Westboro Street. The Planning Board endorsed that plan, noting that it granted the approval for the frontage shown on Old Westboro road only. Subsequently, Mason filed another ANR plan, attempting to access the lots from North Street.

Further, the Capone court elaborated: ‘This section directs a person aggrieved by the decision of the board of appeals to bring an action in the proper court ’’within twenty days after the decision has been filed in the office of the city or town clerk (emphasis added). Therefore, the filing of the decision is necessary to limit the period in which appeals may be taken under §17." Capone, 389 Mass. at 623.

The 100th day after the filing of the petition on May 6, 2005, was August 14, 2005. Because August 14 fell on a Sunday, the ZBA had until Monday, August 15, 2005 to render the decision. See G.L.c. 4, §9 (allowing performance the next day when “the day or the last day for the performance of any act” falls on a Saturday, Sunday, or legal holiday).

Pursuant to G.L.c. 40A, §17, the court will proceed with trial de novo on the issue of whether constructive approval of Mason’s petition is beyond the ZBA’s authority and was arbitrary, capricious, contrary to the law, and void.