McCann, John S., J.
INTRODUCTION
Robert Berger, in his capacity as Building Inspector for the Town of Grafton is represented by Ginny Sinkel Kroner, Esq. Owen Carr and Santina Carr are represented by Nicole B. Caprioli, Esq. The defendant David Mason is represented by Donald J. O’Neil. The remaining defendants, William McKusker, Kenneth Sherman, Roger Hobman, John P. Carney, Peter Adams and Brennan Wall serve as members of the Zoning Board of Appeals of the Town of Grafton.
This case was consolidated with the case of David Mason, plaintiff v. William McCusker, Chairman, Kenneth Sherman, Roger Hobman, John P. Carney, Peter *119 Adams, and Brennan Wall, defendants, in their capacity as members of the Zoning Board of Appeals for the Town of Grafton Docket No. 05-1759. This latter case, the 05-1759 case, was disposed of by way of summary judgment and will be hereinafter referred to in these findings as that summary judgment relates directly to the status of this case.
In this present action, Robert Berger, Owen Carr and Santina Carr filed a motion for summary judgment. The defendant Davis Mason also filed a motion for summary judgment. The matters before this court are, therefore, cross-motions for summary judgment.
It appears from the pleadings that the members of the Zoning Board of Appeals for the Town of Grafton are simply in this case as a nominal party. No answer has been filed on behalf of that board.
FACTUAL BACKGROUND
On March 23, 2004, David Mason, on behalf of his corporation Mason Construction, Inc. (“Masons”) purchased twenty-five and a half acres of land with frontage on two roads. It had frontage of 511.49 feet on Old Westborough Road; and frontage of 70 feet on North Street. The parcel consisted of land that was seventy-three percent wetlands. Except for the 2 points of frontage on Old Westborough Road and on North Street, the lot was essentially surrounded on all remaining sides by established existing homes. The parcel is irregularly shaped. The parcel in question consists of both Lot No. 1 and Lot No. 2 as shown on a plan of land on Old Westborough Road, Grafton, Massachusetts, property owner Mason Construction, Inc., which plan is dated February 4, 2005, a copy of which is attached hereto and incorporated herein as though set forth in full, and is marked Exhibit No. 1 .*
In regard to the frontage of 511.49 feet on Old Westborough Road, Masons’ Engineer, at the time that he assisted Masons in presenting a prior 3-lot subdivision to the Grafton Planning Board, opined that the 511.49 foot frontage on Old Westborough Road provides inadequate access to the inland portion of the parcel due to wetlands across the entire legal frontage of the land on Old Westborough Road.
In regard to the frontage on North Street, that frontage is 70 feet. As one proceeds easterly from the terminus point on North Street, the access to the parcel quickly diminishes from 70 feet to 50 feet. The majority of the access for approximately the first 140 feet is 50 feet wide, and widens to approximately 55 feet for the next 200 feet thus creating a long and narrow strip of land of access. The approximately 340 foot strip is dog-legged shaped. Established existing homes are contiguous to both sides of the strip of land. The total frontage on North Street is 70 feet because the strip flairs out on each side where it meets North Street.
At all times relevant, the lot has been located in a district which is zoned R-20. At all times relevant, the Grafton By Laws have provided that the construction of a single-family home in an R-20 zone requires a minimum of 125 foot frontage.
On October 4, 2004, Masons filed an Application for Approval of a Definitive Plan with the Grafton Planning Board. Masons sought by that plan to subdivide the property into three lots which would all be accessed by way of a common driveway through the narrow strip out to North Street. The common driveway would travel between the home of Owen Carr and Santina Carr (“Carrs”) which abutted the narrow strip on the northerly side, and the home of an unnamed owner which abutted the strip on the southerly side.
As previously mentioned, Masons’ project manager Brian MacEwen P.L.S. opined by letter to the town planner and Planning Board on October 4, 2004, that the configuration of the three lots and the long narrow driveway was the direct result of the inadequate access caused by the wetlands across the entire legal frontage of the land on Old Westborough Road. Mr. MacEwen further opined that the proposed subdivision is for three lots to access the upland by way of a common driveway from the 70-foot frontage located on North Street. A public hearing was held by the Planning Board on the proposed subdivision plan on November 8, 2004 at which meeting Masons’ engineer again stated to the Board that there was inadequate access due to wetlands over the entire legal frontage of the parcel on Old Westborough Road. Carrs spoke on many public safety issues at that meeting. The hearing was continued several times so that the Board could resolve its concerns about the planned access over the long narrow strip leading to North Street, and so that it could seek legal advice from Town Counsel Joseph Cove, Esq. (Town Counsel). Town Counsel opined to the Planning Board that it may consider the illusory frontage to North Street as grounds for denial of endorsement of the plan, stating in an opinion letter:
The use of unusable frontage on Old Westboroigh (sic) Road to comply with the frontage access requirements of the Zoning By Laws while proposing a common driveway access as the only true and feasible access is an attempt to do indirectly what the applicant could never do directly — that is to design a substandard subdivision roadway from North Street to three lots which have no frontage on a public way.
Masons thereafter revised the subdivision plan to reduce the number of lots from three to two. His engineer opined that the change in lot layout reflected additional upland, notwithstanding the fact that the revision still proposed that the two lots be accessed by way of a common driveway from North Street.
Under the version of the Zoning By Laws in effect at the time, By Laws, Section 5.9.1, common driveways were allowed only upon the issuance of a special permit by the Planning Board and site plans submitted with applications for common driveways were required to demonstrate access to the proposed building site of each lot to be served by the common driveway over the legal *120 frontage for such lots depicting all necessary grading materials and construction methods. The Zoning By Law gave the Planning Board limited authority to authorize deviation from strict compliance with the requirements only where such deviation was not inconsistent with the promotion of safe and efficient ingress and egress, including for emergency vehicles.
At a hearing on January 10,2005, the Planning Board opined that Town Counsel’s letter was clear that access from nonlegal frontage was not acceptable. On March 17, 2005, the Planning Board denied the October 4 subdivision plan. In its written decision the Planning Board stated that it had concerns regarding the proposed access to two lots over a fifty-foot-wide strip of land and that Town Counsel had opined that the Board lacked legal authority to approve such a plan. That decision of the Planning Board was not appealed by Masons.
On February 8, 2005, prior to the Planning Board’s official denial of his subdivision plan, Masons presented the Planning Board with essentially the exact same plan, but this time styled as an “Application for Endorsement of Plan Believed Not to Require Approval.” This process is commonly referred to as Approval Not Required (ANR). G.L.c. 41, §8IP. A copy of that plan is attached hereto and incorporated herein as though set forth in full and marked Exhibit No. 1.**
The ANR plan depicts two lots both with legal frontage only on Old Westborough Road. The frontage of Lot No. 1 is 231.49 feet. The frontage of Lot No. 2 is 280 feet. The total frontage of both lots combined is 511.49 feet.
The ANR plan did not show, nor was it required to show, the location of any proposed driveways. The ANR plan depicted two lots with sufficient frontage on Old Westborough Road. It did not depict any driveways. Masons asserted that frontage was not illusory and that the Planning Board was required to approve the ANR plan. The Planning Board then endorsed the ANR plan which originally had six general notes by adding a seventh note which stated “Planning Board approval is only for the frontage shown on Old Westborough Road.”
The ANR plan showed access to North Street only for Lot No. 1. After the ANR endorsement Masons filed an amended plan creating “outlot A” for the purpose of allocating a portion of the narrow access way from North Street to Lot No. 2. With that amendment, Lot No. 1 had twenty-five feet of total frontage on North Street and Lot No. 2 had forty-five feet of total frontage on North Street.
On March 12, 2005, Masons filed two Driveway Entrance Permit applications for the two lots shown on the ANR plan, both of which showed the proposed driveways to be located on North Street and extending through the 50-foot dog-legged portion.
Masons’ attempt to construct two separate and parallel driveways instead of one common driveway (as was set forth in his subdivision application) was due to the Zoning By Laws’ requirement that common driveways be constructed only by special permit issued by the Plan-. ning Board and only over legal frontage. A separate driveway permit was filed for each lot and each depicted hand sketches of two driveways, each twelve feet wide with seven feet on either side with an additional twelve feet in between. Roger Hammond, Director of Public Works for the Town of Grafton, denied the application stating “It is our understanding from the Planning Board correspondence, that access to these lots is to be from Old Westborough Road. The application we have before us now does not depict this . . . Until these issues have been resolved, we must deny these applications at this time.” Masons did not appeal the added provision on the ANR nor the denial of the driveway entrance permits. Thereafter on March 22, 2005, Masons applied for a zoning permit for Lot No. 1 and Lot No. 2 showing access to the two lots over two long narrow driveways out to the nonlegal frontage on North Street.[2]
On April 4, 2005, counsel for Masons sent a letter to the then predecessor Building Inspector for the Town of Grafton, Ronald DeSantis (DeSantis),[3] and opined that Masons had demonstrated to the Planning Board that his access over Old Westborough Road was possible and not illusory; that the Planning Board had been required to endorse the ANR; and that the Planning Board could not validly condition that endorsement on access over legal frontage.
On April 20, 2005, DeSantis denied both zoning permit applications stating “It appears from the several plans that were filed with the Planning Board on the same overall parcel of land you are trying to create access to Lot 1 and Lot 2 from North Street even after the Planning Board made it very clear in the Denial for the Subdivision Plan that access to the lots from North Street was not acceptable. The only acceptable access for Lot 1 and Lot 2 is over the frontage on Old Westborough Road as delineated in the Planning Board’s endorsement on the ANR plan that was endorsed on February 24, 2005.”
On May 6, 2005, Masons filed an appeal with the Zoning Board of Appeals of the denial by DeSantis for the zoning permit. The appeal sought to overturn the Building Inspector’s decision on two grounds: (1) that the ANR plan does not comply with frontage requirements and (2) lots must be accessed over legal frontage. A public hearing was held and on June 9, 2005, all parties being present, the Zoning Board of Appeals voted four to one to decline to overturn the Building Inspector’s decision.
Thereafter the Zoning Board of Appeals mistakenly and inadvertently filed a written decision with the Town Clerk one day late on August 30, 2005, instead of August 29, 2005 as required by G.L.c. 40A. Due to the procedural blunder on the part of the ZBA Masons filed a letter with the Town Clerk notifying her that the ZBA had constructively approved his appeal of the Building Inspector’s denial.
*121 The Building Inspector, through Town Counsel, then filed this present action in 2005 seeking a determination that there was no constructive approval, or alternatively, that any constructive approval could not stand because it exceeded the authority of the Zoning Board of Appeals.
Thereafter Masons filed a separate complaint in the Worcester Superior Court Docket No. 2005-1759,[4] asking the court to overturn the decision of the Zoning Board of Appeals. That case and this present case were consolidated.
On March 18, 2009, the court (Lemire, J.) granted summary judgment to Masons in Docket No. 2005-1759 only on the issue of constructive approval, and in substance found that Masons’ application was constructively approved. A copy of that Memorandum of Decision is attached hereto and incorporated herein as though set forth in full and is marked Exhibit No. 2.
As a result, the only remaining issue is the claim of the Town of Grafton and Carrs’ claim that the ZBA lacked authority to approve, constructively or otherwise, Masons’ appeals of the denials of the Zoning Permit by the Building Inspector because the ZBA simply lacks authority to allow access over frontage that is indisputably insufficient under the Zoning By Law and does not constitute the legal frontage of the property.
ISSUE PRESENTED
1. Does frontage equate to access for purposes of an ANR endorsement pursuant to G.L.c. 41, §81P?
2. Did the ZBA exceed its authority in approving Masons’ driveway zoning permits over frontage that was not subject to the planning board’s ANR endorsement?
For the reasons set forth below, both questions are answered in the affirmative, and this court reverses the Zoning Board of Appeals’ constructive approval of Masons’ driveway zoning permits.
DISCUSSION
“Any person aggrieved by a decision of the board of appeals . . . may appeal to the . . . superior court . . . by bringing an action within twenty days after the decision has been filed in the office of the . . . town clerk.” G.L.c. 40A, §17. As guided by Section 17, Berger, in his capacity as Building Inspector for the Town of Grafton, has brought the instant complaint alleging that the constructive approval of Mason’s application for zoning permits exceeded the authority of the zoning board of appeals. The decision of a zoning board of appeals cannot be disturbed unless it is based on a legally untenable ground, or is unreasonable, whimsical, capricious or arbitrary. Roberts v. Southwestern Bell Mobile Sys., 429 Mass. 478, 486 (1999).
For purposes of a planning board’s determination that “approval under the subdivision plan [is] not required” (“ANR”), frontage and access are synonymous. See G.L.c. 41, §8 IP; see also Gifford v. Planning Bd. of Nantucket, 376 Mass. 801, 807 (1978); Perry v. Planning Bd. of Nantucket, 15 Mass.App.Ct. 144, 152 (1983). A subdivision plan is required where each of the lots in the proposed subdivision lack the frontage required by the bylaws or zoning ordinances of the town in which the subdivision is to be built. See G.L.c. 41, §81L. A principal purpose of the Subdivision Control Law, G.L.c. 41, §§81K-81GG, is to ensure sufficient motor vehicle access to each lot in a subdivision. See G.L.c. 41, §81M; Gifford, 376 Mass. at 807. Sufficient access, as envisioned by the Subdivision Control Law, is necessary for the safely, convenience and welfare of both the inhabitants of the proposed lots and the inhabitants of abutting lots. G.L.c. 41, §81M; Gifford, 376 Mass. at 807.
‘Where the [Subdivision Control Law] relieves certain divisions of land of regulation and approval by a planning board (“approval... not required”) it is because the vital access is reasonably guaranteed in another manner. The guaranty is expressed in §§81L and 8 IP of the statute in terms of a requirement of sufficient frontage for each lot on a public way. In the ordinary case, lots having such frontage are fully accessible, and as the developer does not contemplate the construction of additional access routes, there is no need for supervision by the planning board on that score.” Gifford, 376 Mass. at 807. Thus, in addition to each lot having the proper frontage envisioned by local bylaw or ordinance, a planning board must determine for purposes of ANR under §8 IP that the frontage provides the adequate access contemplated by §81M. See Perry, 15 Mass.App.Ct. at 152; see also Corcoran v. Planning Bd. of Sudbury, 406 Mass. 248, 251 (1989) (planning board authorized to withhold ANR endorsement where access implied by frontage is illusoiy in fact) (emphasis added); Fox v. Planning Bd. of Milton, 24 Mass.App.Ct. 572, 574 (1987) (ANR endorsement required where all lots have adequate frontage, and the availability of access implied by that frontage is not shown to be illusoiy in fact) (emphasis added); Pellegriti v. Baird, 2009 WL 781323 at *4 (Mass.LandCt. 2009) (an ANR endorsement indicates a planning board's determination that each lot possesses the access and frontage required by bylaw or zoning ordinance). Thus, it is clear that where sufficient frontage makes an ANR endorsement the adequate means of plan approval, such an endorsement envisions access over that frontage.
It is axiomatic that planning board approval of a subdivision or an ANR endorsement is a prerequisite to obtaining zoning permits. Equally axiomatic is that an ANR endorsement of a plan gives a lot on that plan no standing under a town’s zoning bylaws or ordinances. Arrigo v. Planning Bd. of Franklin, 12 Mass.App.Ct. 802, 807 (1981); Lee v. Board of Appeals of Harwich, 11 Mass.App.Ct. 148, 152 (1981) (ANRendorsement signals only the adequate frontage of the newly created lots, not that each new lot complies with applicable zoning requirements, and not that the lots are buildable).
Here, the planning board’s endorsement of Masons’ ANR plan was limited only for the Old Westborough Road frontage. Such a limited endorsement is in direct response to the planning board’s prior denial of a subdivi *122 sion plan for that same lot based on the inadequacy of the access at North Street. Moreover, with its limited ANR endorsement, the planning board impliedly indicated that an ANR plan using the North Street entrance as the point of access would have been denied. See Gates v. Planning Bd. of Dighton, 48 Mass.App.Ct. 394, 397 (2000) (despite technical compliance with frontage requirements and a planning board’s limited authority in acting under §81P, aboard can properly deny a§81P endorsement where access is nonexistent for the purposes set out in §81M). As such, notation number 7 on the ANR plan stating “Planning Board approval is only for the frontage on Old Westborough Road,” can only be taken to mean that the lot, as approved, must be accessed from Old Westborough Road.
Because the planning board did not approve an ANR plan with access to the lots from North Street, the building inspector was without authority to grant driveway permits for the lot’s North Street access point. The building inspector, therefore, properly pointed to the limited ANR endorsement in denying the driveway permits. Ultimately, Masons could not get a permit to do that which the planning board would have undoubtedly denied had it been presented with it initially — that is, an ANR plan demarcating the point of access on North Street. See Pellegriti, 2009 WL 781323 at *4-*5 (ANR endorsement does not preclude building inspector from performing its statutory duly of requiring adherence to town’s zoning bylaw, including any provision specifying minimum frontage).
The zoning board of appeals, therefore, exceeded its authority when it constructively granted Masons the permits that the building inspector was himself without authority to grant. This court cannot overlook the significance of the procedural posture of this case. As discussed, Masons submitted the initial subdivision plan with the express admission that the wetland frontage on Old Westborough Road was inadequate, and that, therefore, access for the subdivision had to be from North Street. The subdivision plan was ultimately denied based on the planning board’s determination that the North Street access did not adequately provide for §81 M’s stated purpose. Masons changed course and obtained an ANR endorsement by convincing the planning board that the Old Westborough Road frontage was not illusory in fact, a direct contradiction to his statements about Old Westborough Road’s frontage that accompanied the subdivision plan. With the ANR endorsement, Masons then attempted to obtain permits to access his lots via the access point initially deemed inadequate. This court can only characterize Masons’ contrary submissions as an obvious attempt to circumvent the purpose and intent of the subdivision control law as well as the zoning bylwas. See Gifford, 376 Mass. at 804. Mason cannot achieve with an ANR plan that which he was unable to accomplish with his subdivision plan. As a result, the zoning board of appeal’s constructive approval was legally untenable, and it must be reversed. See Roberts, 429 Mass. at 486.
In regard to the remaining named defendants William McCusker, Chairman, Kenneth Sherman, Member, Roger Hohman, Member, John Carney, Member, Peter Adams, Member, Brennan Wall, Member and Town of Grafton ZBA, they all appear to be members of the Zoning Board of Appeals and are simply named as nominal parties. None have filed an appearance and no answer has been filed on their behalf. Accordingly, Judgment shall also enter against them.
ORDER
The Motion for Summary Judgment by Robert Berger, Owen Carr and Santina Carr is Allowed and Judgment shall enter in favor of Robert Berger, Owen Carr and Santina Carr and against David Mason and William McCusker, Chairman; Kenneth Sherman, Member; Roger Hohman, Member; John Carney, Member; Peter Adams, Member; Brennan Wall, Member and Town of Grafton ZBA. The Cross Motion for Summary Judgment of David Mason is Denied.
It is further Ordered that the decision of the Zoning Board of Appeals, constructively approved by statute by failure to timely file with the Town Clerk of Grafton, is hereby vacated. The matter is remanded to the Grafton Zoning Board of Appeals for reconsideration of its vote consistent with the findings of this court, and then such action as the Zoning Board of Appeals deems appropriate.
*123 MEMORANDUM AND ORDER ON DAVID MASONS MOTIONS FOR SUMMARY JUDGMENT
The parties to this consolidated action seek judicial review pursuant to G.L.c. 40A, §17, of the Grafton Zoning Board of Appeals’ (“the ZBA”) decision to uphold the Grafton building inspector’s (“the Building Inspector”) denial of zoning permits to land developer David Mason (“Mason”) to build on land in Grafton (“the Town”). In Civil Action No. 2005-1759 (“Action 05-1759”), Mason, as plaintiff, seeks a judicial determination that his petition for zoning permits was constructively approved by the ZBA’s failure to file their decision with the Grafton Town Clerk (“the Town Clerk”) within 114 days as required by G.L.c. 40A, §15, and that the decision is therefore a nulliiy.[3] In Civil Action 2005-1697 (“Action 05-1697”), the plaintiff, Ronald DeSantis, [4] building inspector for the Town, argues that, because Mason was fully aware of his appeal’s denial by virtue of attending the ZBA’s public hearing on his case, the ZBA’s failure to file their decision with the Town Clerk did not result in constructive approval of Mason’s petition. Furthermore, DeSantis argues that the constructive approval of Mason’s petition was beyond the authority of the ZBA and was arbitraiy, capricious, contrary to the law, and void. The two cases were consolidated on December 15, 2005.
Mason now moves for summaiy judgment in Action 05-1759 and partial summaiy judgment in Action 05-1697, alleging that no genuine issue of material fact exists on the issue of constructive approval of his zoning permit petition. Following a hearing on May 7, 2007, and for the reasons set forth below, Mason’s Motion for Summaiy Judgment in Action 05-1759 is ALLOWED, and his Motion for Partial Summaiy Judgment in Action 05-1697 is ALLOWED.
BACKGROUND
The court summarizes the relevant facts, which are taken from the summary judgment record, in the light most favorable to the nonmoving party. See Attorney Gen. v. Bailey, 386 Mass. 367, 371 (1982).
Mason is the developer of land located at Lot 1 and Lot 2 on Old Westboro Road and North Street in Grafton, Massachusetts. He seeks to construct two homes on Old Westboro Road and to use North Street to provide access the construction site. After the Grafton Planning Board (“the Planning Board”) approved his ANRplan,[5] Mason petitioned to the Building Inspector to grant him building permits for Lots 1 and 2. In a letter dated April 20, 2005, the Building Inspector denied the permits, stating that: (1) the ANR plan did not comply with frontage requirements; and (2) that the lots must be accessed over legal frontage.
On May 6, 2005, Mason filed a petition to the ZBA appealing the Building Inspector’s decision. On June 9, 2005, the ZBA held a public hearing, which Mason attended, and voted to deny Mason’s appeal. The ZBA entered its decision in its records and public minutes on June 9, but did not file it with the Town Clerk until August 30, 2005. On August 26, 2005, Mason filed a notice of constructive approval with the Town Clerk. On September 12, 2005, DeSantis filed Action No. 05-1697, followed by Mason’s filing of Action No. 05-1759 on September 19, 2005.
LEGAL STANDARD
Summaiy judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Mass.RCiv.P. 56(c); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the record entitles them to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party who does not bear the burden of proof at trial may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Commc'ns. Corp., 410 Mass. 805, 809 (1991). Once the moving party “establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact.” Pederson, 404 Mass. at 17. The court reviews the evidence in the light most favorable to the nonmoving party, but does not weigh evidence, assess credibility, or find facts. See Attorney Gen. v. Bailey, 386 Mass. 367, 370-71 (1982).
DISCUSSION
I. Motion for Summaiy Judgment in Action No. 05-1759
G.L.c. 40A, §15, requires the ZBA to render and file a decision on an applicant’s petition with the Town Clerk within 114 days of the date of filing of the petition. Mason moves for summaiy judgment in Action No. 05-1759, arguing that the ZBA’s failure to file its decision by August 29, 2005, 115 days after the filing of Mason’s May 6, 2005 petition, resulted in the petition’s constructive approval. In the Joint Memorandum of Law in Opposition to Mason’s Motion for Summaiy Judgment (“the Opposition”), the Building Inspector and the Carrs argue that, under G.L.c. 40A, §15, no constructive approval of Mason’s petition occurred because the ZBA took final action when they heard and decided Mason’s appeal within 100 days from the filing of the appeal. Specifically, they argue that the ZBA’s failure to file within fourteen days of rendering the decision does not result in a constructive grant of the petition because the requirement to file a written decision with the Town Clerk is directoiy and not mandatoiy. Alternatively, they assert that the ZBA had until August 30, 2005, to file the decision.
Massachusetts courts have interpreted the language of G.L.c. 40, §15, to state that, if the ZBA acts within 100 days but then fails to file its decision within the fourteen days provided by the statute, a constructive grant of the petition results. Burnham v. Hadley, 58 Mass.App.Ct. *124 479, 482 n.5 (2003), citing Capone v. Zoning Bd. of Appeals of Fitchburg, 389 Mass. 617, 624-25 (1983). The Capone court held that the Legislature’s purpose in imposing the time constraints was to “induce the board to act promptly," a “conclusion [that is] buttressed by consideration of the judicial review provisions of G.L.c. 40A, §17 . . .”[6] Id. at 623. See also O'Kane v. Board of Appeals of Hingham, 20 Mass.App.Ct. 162, 164 n.4 (1985) (holding that by enacting G.L.c. 40A, §15, the legislature intended “to avoid [the] perpetual ‘cloud’ ” of the filing process “ [being] protracted indefinitely”). Therefore, the argument that the filing requirement is not mandatory is without merit.
With regard to the Opposition’s argument that the ZBA’s filing was timely, there is no genuine issue of material fact that the ZBA failed to file its decision within the 114 days required by G.L.c. 40A, §15. The parties do not dispute that the ZBA rendered its decision on Mason’s petition within the statutory time period. [7] It failed, however, to file the decision with the Town Clerk within fourteen days from August 15, 2005.
Mass.RCiv.P. 6(a) sets forth a rule for computing “any period of time prescribed ... by any applicable statute or rule,” stating that “the day of the act, event, or default after which the designated period of time begins to run shall not be included.” Here, August 15, being the 100th day, was the day after which the statutory filing period of fourteen days began to run. As such, it was “day zero” and was not included in the calculation of the fourteen days. Accordingly, the count started on August 16, resulting in August 29 being day fourteen. Mason correctly points out that the Opposition’s argument that the fourteen-day clock started running on August 16, with that day being day zero, resulting in a August 30 filing deadline, lacks both statutory and common-law support. For the foregoing reasons, the court enters summary judgment in Mason’s favor, and strikes the ZBA’s decision.
II. Motion for Partial Summary Judgment in Action No. 05-1697
In his Motion for Partial Summary Judgment in Action 05-1697, Mason asks the court to strike Paragraph 2 of DeSantis’s complaint, wherein DeSantis alleges that no constructive approval of the petition occurred because Mason was aware of the ZBA’s decision by virtue of attending the public hearing. As Mason correctly points out, DeSantis’s argument has no legal basis. Courts have held that G.L.c. 40A, §15, entitles applicants to constructive relief if the ZBA fails to satisfy all of the statutory requirements, regardless of the circumstances. See Board of Appeals of Westwood v. Lambergs, 42 Mass.App.Ct. 411, 415 (1997) (holding that “the board’s suggestion that the [applicants] should have noted [the board’s] error and sought clarification or filed an appeal seeks unfairly to shift the responsibility for the board’s inaction to the applicants”). As Mason’s awareness of the ZBA’s decision is immaterial to the finding of constructive approval, paragraph 2 of DeSantis’s complaint does not create a genuine issue of material fact as to whether the ZBA’s failure to timely file its petition resulted in a constructive approval of Mason’s petition. For the foregoing reasons, the court enters partial summary judgment in Mason’s favor, and strikes paragraph 2 of DeSantis’s complaint.
ORDER
Based on the foregoing, Mason’s Motion for Summary Judgment in Action No. 05-1759 is ALLOWED, and his Motion for Partial Summary Judgment in Action No. 05-1697 is ALLOWED.[8]
James R. Lemire
DATED: March 18, 2009

Although title to the property appears to be in the name of Mason Construction, Inc., the application for the zoning permit for Lot No. 1 was filed by David Mason; and for Lot No. 2 by his wife Karen Mason. No party has made an issue of this, although on its face it appears to be problematic.

See footnote Number 1, page 1.

Previously referred to on page 2, paragraph No. 1 of this memorandum.

Editor’s Note: The referenced Exhibit 1, pg. 3, sentence 1, has not been reproduced.

Editor’s Note: The referenced Exhibit 1, pg. 5, paragraph 3 has not been reproduced.
EXHIBIT 2
COMMONWEALTH OF MASSACHUSETTS
WORCESTER, ss. SUPERIOR COURT
CIVIL ACTION NO. 05-1759C
DAVID MASON

vs.

WILLIAM MCCUSKER ET AL.[1]
CONSOLIDATED WITH
COMMONWEALTH OF MASSACHUSETTS
WORCESTER, ss. SUPERIOR COURT
CIVIL ACTION NO. 05-1697C
RONALD P. DESANTIS ET AL.[2]

vs.

DAVID MASON

Ken Sherman, Roger Hohman, John Carney, and Peter Adams, as members of the Grafton Zoning Board of Appeals.

Owen and Santina Carr, William McCusker, Chairman, Kenneth Sherman, Roger Hohman, John P. Carney, Peter Adams, and Brennan Wall, as members of the Grafton Zoning Board of Appeals

G.L.c. 40A, §15, reads in pertinent part: “The decision of the board shall be made within one hundred days after the date of the filing of an appeal. . . Failure by the board to act within said one hundred days . . . shall be deemed to be the grant of the appeal . . . The petitioner who seeks such approval by reason of the failure of the board to act within the time prescribed shall notify the city or town clerk, in writing, within fourteen days from the expiration of said one hundred days . . . The board shall cause to be made a detailed record of its proceedings, . . . setting forth clearly the reason for its decision... copies of all of which shall be filed within fourteen days in the office of the city or town clerk . . .”

DeSantis amended the complaint by adding Owen and Santina Carr (“the Carrs”), abutters to Lots 1 and 2, as plaintiffs to this action. Later in litigation, Robert Berger, the new building inspector for the Town of Grafton, was substituted as plaintiff in place of DeSantis.

Mason submitted a subdivision application to the Planning Board on October 2004. The Planning Board denied the application because there was no legal frontage on North Street for the proposed access. In February 2005, Mason submitted another ANR plan that relied on frontage on Old Westboro Street. The Planning Board endorsed that plan, noting that it granted the approval for the frontage shown on Old Westboro Road only. Subsequently, Mason filed another ANR plan, attempting to access the lots from North Street.

Further, the Capone court elaborated: “This section directs a person aggrieved by the decision of the board of appeals to bring an action in the proper court ’’within twenty-days after the decision has been fled in the office of the city or town clerk (emphasis added). Therefore, the filing of the decision is necessary to limit the period in which appeals may be taken under §17." Capone, 389 Mass. at 623.

The 100th day after the filing of the petition on May 6, 2005, was August 14, 2005. Because August 14 fell on a Sunday, the ZBA had until Monday, August 15, 2005 to render the decision. See G.L.c. 4, §9 (allowing performance the next day when “the day or the last day for the performance of any act” falls on a Saturday, Sunday, or legal holiday).

Pursuant to G.L.c. 40A, §17, the court will proceed with trial de novo on the issue of whether constructive approval of Mason’s petition is beyond the ZBA’s authority and was arbitrary, capricious, contrary to the law, and void.