Sixth Realty Trust (the trust) appeals from a Land Court summary judgment dismissing with prejudice the trust's complaint for mandamus and declaratory relief. The sole issue on appeal, as framed by the trust, is whether it is entitled to a certificate of constructive approval, under G. L. c. 40A, § 15, of its 2016 request that the zoning board of appeals of Wilmington (ZBA) modify what the trust characterizes as a "variance" the ZBA had issued in 2008 regarding the trust's property known as 12 Polk Street in Wilmington (town). We agree with the judge that the trust is not entitled to such a certificate and therefore affirm, with one minor modification.
Background. We base our recitation of the pertinent facts largely on the summary judgment decision. The town has an "official map" under G. L. c. 41, § 81E, which affects the issuance of building permits. The trust wished to build on its property at 12 Polk Street,[4] but that street does not appear on the official map. In 2008, the trust, through its trustee, applied to the ZBA, among other things, for relief under G. L. c. 41, § 81Y, from compliance with the official map requirement.
The ZBA received an opinion from town counsel on August 12, 2008, concluding that even if the ZBA granted such relief, no building permit could issue until a way providing frontage for 12 Polk Street was constructed with the approval of the town planning board under G. L. c. 41, § 81G.[5] Town counsel cited a Land Court decision from 2000 in which the town and the ZBA were defendants, and in which a judge concluded that the ZBA's grant of relief under § 81Y"does not obviate compliance with [§ ]81G." On August 13, 2008, the ZBA issued a decision that, among other things, granted the trust relief from the official map under § 81Y, with the understanding "that the applicant must still comply with the requirements of [§ ]81G, as described in Town Counsel's Advisory Opinion."[6]
The trustee appealed other aspects of the ZBA's decision, but not the inclusion of the § 81G provision, to the Land Court. In 2011, a judge affirmed the ZBA decision and, on the trustee's appeal, a panel of this court affirmed the judgment in an unpublished memorandum and order issued pursuant to our rule 1:28. Nelson v. Wilmington, 81 Mass. App. Ct. 1133 (2012).
On June 30, 2016, the trust, through its trustee, filed with the ZBA an application requesting, among other things, to "remove [the § ]81G restriction from [the] variance granted [in] 2008." The following day, the secretary to the ZBA returned the application and the filing fee to the trustee, stating that "[§ ]81G is not [within] the jurisdiction of the [ZBA]."
After 100 days had passed, the trustee filed with the town clerk, on October 14, 2016, a notice of constructive approval under G. L. c. 40A, § 15.[7] On November 2, 2016, the town clerk notified the trustee that no constructive approval had occurred because the application was not within the ZBA's jurisdiction and had never been accepted for filing. Nevertheless, on November 22, 2016, the trustee submitted to the town clerk a certificate of constructive approval with a request that it be executed and returned to the trustee.
The town clerk evidently did not execute or return the certificate, because the trust then filed suit in the Land Court seeking mandamus and declaratory relief aimed at compelling her to do so. The judge ordered summary judgment dismissing the complaint, and this appeal followed.
Discussion. We agree, albeit on grounds different from those cited by the judge, that no constructive approval occurred under G. L. c. 40A, § 15. Quite simply, there was never any effective filing so as to trigger the constructive approval mechanism. The trust's filing was not accepted; instead, the ZBA secretary returned the trust's application and filing fee, stating that the ZBA lacked jurisdiction over the application.[8]
We recognize that the purpose of the constructive approval mechanism is to "[obligate] a board of appeals to act on an appeal within the statutory time period, otherwise the appellant prevails by default." Capone v. Zoning Bd. of Appeals of Fitchburg, 389 Mass. 617, 622 (1983), quoting from Rinaudo v. Zoning Bd. of Appeals of Plymouth, 383 Mass. 885, 885 (1981). Here, however, the trust was informed, within days after filing its application, that the ZBA believed it lacked jurisdiction and was returning the application and filing fee to the trust. This belief, moreover, had a reasonable legal basis, which was known to the trust because of its prior dealings with the ZBA on the issue. The trust could not reasonably have thought that any further action from the ZBA was forthcoming.
If the trust disagreed with the ZBA's position, it could have promptly sought mandamus relief to compel the ZBA to accept the application for filing and could thereby have obtained an early judicial determination of whether the ZBA's position was correct. It is incongruous at best for the trust, instead, to have done nothing for 100 days and then to attempt to take advantage of a statute meant to incentivize ZBAs to make prompt decisions.
Conclusion. Because the application was not constructively approved, the town clerk had no duty to execute any constructive approval certificate; therefore the judgment dismissing the trust's mandamus claim was correct. As to the declaratory judgment claim, "[w]hen an action for declaratory relief is properly brought and relief is denied on the merits, the action should not be dismissed. ... The rights of the parties should be declared." Attorney Gen. v. Kenco Optics, Inc., 369 Mass. 412, 418 (1976). We therefore order that the judgment be modified to include, instead of a dismissal of the declaratory judgment claim (count V of the complaint), a declaration that no constructive approval has occurred of the trust's application to remove the provision regarding G. L. c. 41, § 81G, from the ZBA's 2008 grant of relief under c. 41, § 81Y, and that the trust is not entitled to any certificate of such constructive approval. As so modified, the judgment is affirmed.
So ordered.
As so modified, the judgment is affirmed.

It appears that in 2008, 12 Polk Street was owned by the Kaiser Realty Trust, of which Mark Nelson was trustee. As of 2016, the property was owned by Sixth Realty Trust, of which Nelson is also the trustee. As nothing appears to turn on the distinction between the trusts, we refer for simplicity to "the trust."

Insofar as relevant here, § 81G, as appearing in St. 1953, c. 674, § 5, provides:
"After a city or town has adopted an official map under section eighty-one E, no person shall open a way for public use, except as provided in the subdivision control law, unless the location of such way is in accordance with such official map as it then appears, or has been approved by the planning board under the provisions of this section, and in either case, the grading, surfacing and drainage of such way has been approved by such board" (emphasis added).

The trust has inexplicably and inexcusably omitted from the record appendix both town counsel's advisory opinion and the ZBA's decision. We have taken judicial notice of those materials as they appear in the record appendix in related litigation, Nelson v. Wilmington, 81 Mass. App. Ct. 1133 (2012). See Jarosz v. Palmer, 436 Mass. 526, 530 (2002) (court may take judicial notice of court records in related case).

That statute provides in pertinent part: "The decision of the [ZBA] shall be made within one hundred days after the date of the filing of an appeal, application or petition .... Failure by the [ZBA] to act within said one hundred days ... shall be deemed to be the grant of the appeal, application or petition." G. L. c. 40A, § 15, as appearing in St. 1987, c. 498, § 3.

The ZBA secretary's letter does not appear to have met the various procedural requirements for formal ZBA action under G. L. c. 40A, § 15, and the defendants do not argue that the letter itself constituted sufficient ZBA action to prevent constructive approval under that statute. See generally Capone v. Zoning Bd. of Appeals of Fitchburg, 389 Mass. 617, 622-623 (1983) (discussing ZBA actions required to prevent constructive approval under earlier version of G. L. c. 40A, § 15 ).