NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-988

MARK D. NELSON

vs.

ADMINISTRATION FOR THE TOWN OF WILMINGTON & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Mark D. Nelson filed a complaint for a writ of mandamus and for declaratory and injunctive relief, seeking to compel the town of Wilmington (town) to issue him a certificate of constructive approval of a building permit.  On the town's motion for judgment on the pleadings, a Superior Court judge concluded that all of Nelson's claims were barred by res judicata.  Judgment entered dismissing the complaint with prejudice, and Nelson appealed.

As the judge wrote in his decision, Nelson's "claims have been previously litigated on multiple occasions and are clearly precluded by the doctrine of res judicata."  The judge's

---

[1] The town of Wilmington.

conclusion was sound.  This is the fourth lawsuit filed by Nelson or his privies regarding the building permit, and the second of those lawsuits involved the specific question of whether Nelson was entitled to a certificate of constructive approval of the building permit.  In an unpublished memorandum and order, a panel of this court concluded that he was not.  See Neli Ridge, LLC v. Town Clerk of Wilmington, 93 Mass. App. Ct. 1109 (2018).[2]

In his appellate brief, Nelson does not explain why his claims are not barred by res judicata.  In fact, his brief does not mention the terms "res judicata" or "preclusion" or address the substance of the judge's ruling in any way.  While we are not insensitive to the challenges faced by self-represented litigants, such litigants are still bound by the court's rules. See Brossard v. West Roxbury Div. of the Dist. Court Dep't, 417 Mass. 183, 184 (1994).  As Nelson's brief is inadequate to enable meaningful appellate review, he has given us no reason to disturb the judgment.  See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019) ("appellate court need not pass upon questions or issues not argued in the brief"); Gaffney

---

[2] The second lawsuit was filed by a trust that, at least at the time, owned the property in question.  As noted by the panel in its decision, Nelson was the trustee of the trust.

v. Contributory Retirement Appeal Bd., 423 Mass. 1, 6 n.4
(1996).

The town has requested an award of appellate attorney's
fees and double costs on the ground that the appeal is
frivolous.  Considering the totality of the circumstances, we
agree that the appeal is frivolous.  Accordingly, the town may
file an application for appellate attorney's fees and double
costs within fourteen days of the issuance of this decision.
Nelson shall have fourteen days thereafter to respond.  See
Fabre v. Walton, 441 Mass. 9, 10 (2004).

Judgment affirmed.

By the Court (Meade, Shin &
Tan, JJ.[3]),

Clerk

Entered:  June 4, 2025.

---

[3] The panelists are listed in order of seniority.

3